### 16835. GOODLETT v. THE STATE.

LUKE, J. The sole assignment of error is that the conviction of the accused was not authorized by the evidence. The evidence amply authorized, indeed if it did not demand, the conviction. The court properly overruled the motion for a new trial.

     *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED DECEMBER 15, 1925.

Conviction of possessing and transporting liquor; from Whitfield superior court—Judge Tarver. August 22, 1925.

*William E. & Gordon Mann,* for plaintiff in error.

*C. C. Pittman, solicitor-general,* contra.

---

### 16836. HAWKS v. THE STATE.

A verdict approved by the trial judge will not be disturbed by this court because of alleged insufficiency of evidence, when supported by any evidence.

DECIDED DECEMBER 15, 1925.

Conviction of possessing liquor; from Clarke superior court—Judge Fortson. August 29, 1925.

*Gerdine Lumpkin, Carlisle Cobb,* for plaintiff in error.

*Henry H. West, solicitor-general,* contra.

BLOODWORTH, J. The motion for a new trial in this case contains no special grounds. The verdict has the approval of the trial judge, and we can not say that there is no evidence to support it. Applications for new trial on the ground that the verdict is contrary to the evidence are addressed to a sound legal discretion to be exercised by the trial judge. When this discretion has been exercised and the motion for a new trial overruled, this court will not interfere, if there is any evidence which would justify the jury in reaching the conclusion set forth in the verdict. This is true even in cases where the evidence might be described as weak, unsatisfactory, and doubtful. The wisdom and discretion of the trial judge are sufficient for this court to endorse his judgment in cases of this character. *Terrell* v. *State,* 29 *Ga. App.* 285 (114 S. E. 909).

     *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*